IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RON DERECK BURNETT,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:05-CV-0397-Y |
| | § | |
| COLE JETER, Warden,<br>Federal Medical Center-Fort Worth,<br>　　Respondent. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Ron Dereck Burnett, Reg. No. 13344-064, is a federal prisoner incarcerated in the Federal Medical Center (FMC-Fort Worth), in Fort Worth, Texas.

Respondent Cole Jeter is Warden of FMC-Fort Worth.

### C. PROCEDURAL HISTORY

In Case No. 5:96-CR-93-1, Burnett was charged with conspiracy to crack cocaine and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1),

in the United States District Court for the Western District of Oklahoma. *See* CM/ECF, Criminal Docket for Case # 5:96-CR-93-1. Burnett was found guilty of the offenses by a jury on August 25, 1996, and, on November 26, 1996, was sentenced to a term of 276 months for each offense, the sentences to run concurrently. *Id.*, docket entries for Aug. 25, 1996 & Nov. 26, 1996. Thereafter, Burnett appealed the trial court's judgment and sought postconviction relief via 28 U.S.C. § 2255 to no avail. *Id.*, entries for April 6, 1998 & July 26, 2000. Burnett filed this petition under § 2241 on June 17, 2005.

D.  DISCUSSION

Burnett seeks resentencing based on the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).[1] (Form Petition at 5.) The threshold question is whether his claims are properly brought via a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of

---

[1] In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*: pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. A different majority of the Court then determined the appropriate remedy was to sever and excise those statutory provisions making the Guidelines mandatory, thereby rendering the Guidelines effectively advisory. *Id.* at 756-57.

habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Burnett cannot satisfy the first prong of the *Reyes-Requena* test. He claims he is "actually innocent of the defective indictment," which failed to allege sentencing factors determined by the district judge under a preponderance of the evidence standard, not found by a jury beyond a reasonable doubt, and used to unconstitutionally enhancement his sentence under the federal sentencing guidelines. (Petition at 5; Pet'r Memorandum in Support at 2-20.) This claim, however, does not implicate his conviction for a substantive criminal offense. Further, the Fifth Circuit has held that the *Booker* line of cases does not apply retroactively to cases on collateral review. *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005).[2] *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding *Booker* does not apply retroactively on collateral review for purposes of successive motion to vacate under § 2255). Because Burnett cannot meet the

---

[2]Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. July 5, 2005) (No. 05-5187); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005), *cert. denied*, 126 U.S. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 31, 2005) (No. 04-10694); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *United States v. Fowler*, 133 Fed. Appx. 922, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (not designated for publication in the Federal Reporter); *In re Hinton*, 125 Fed. Appx. 317, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication in the Federal Reporter).

retroactivity requirement, he is precluded from challenging the legality of his sentence under § 2241. Thus, the court is without jurisdiction to consider the petition. *See Padilla*, 2005 WL 1595291, at *3; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

## II.  RECOMMENDATION

Because Burnett has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, it is recommended that the government's motion to dismiss be granted and that Burnett's petition be dismissed with prejudice for want of jurisdiction.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 19, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

4

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 19, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 28, 2005.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE